UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOANN O'BRIEN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 04-CV-421-TCK-FHM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This cause of action, having been tried to the Court without a jury on January 18, 2005, and after considering the pleadings, testimony, briefs and arguments presented by counsel, the Court enters the following Findings of Fact and Conclusions of Law, in accordance with Federal Rule of Civil Procedure 52, as follows:

### Findings of Fact

1. This is a civil action for monetary damages pursuant tot he Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402, 2671-2680.

2. Plaintiff is a resident and citizen of Tulsa, Tulsa County, Oklahoma, and has been so since the time of the accident through the present.

3. Prior to November 20, 2001, Plaintiff was a relatively healthy 53 year old female with a 24.49 year present life expectancy.

4. On November 20, 2001, Plaintiff's husband, Michael O'Brien, was driving his vehicle west on the Broken Arrow Expressway in Tulsa, Oklahoma, when he came to stop due to construction ahead.

5. Plaintiff was riding as a guest passenger in her husband's vehicle.

6. While waiting for traffic to proceed, Plaintiff's vehicle was struck from the rear by a vehicle behind it that had been stopped and which was struck by a government vehicle

driven by William Henry, an employee of the United States Drug Enforcement Agency.

7. Henry admitted that he was driving too fast for the conditions and was unable to stop in the assured clear distance ahead, thus striking the vehicle ahead and causing that vehicle to strike the vehicle in which Plaintiff was a passenger.

8. According to the Collision Report, all drivers described the same scenario.

9. Henry was at all times material an employee of Defendant.

10. The impact with Plaintiff's vehicle was of such severity as to cause it to hit the car ahead and render Plaintiff's 1992 vehicle a total loss.

11. Plaintiff as a guest passenger was without fault.

12. Plaintiff complained approximately two (2) weeks after the accident.

13. As a direct result of the collision on November 20, 2001, Plaintiff received injuries to her lower back including aggravation of a pre-existing condition, namely, a facet cyst. She was treated primarily at Saint Francis Hospital by Mark Hayes, M.D. (deceased) and examined on several occasions by Benjamin Benner, M.D.

15. Plaintiff has undergone non-invasive testing and physical therapy for L5 nerve root irritation and weakness.

16. Plaintiff's past reasonable and necessary medical expenses are $6,503.22.

17. Plaintiff will likely have future medical expenses.

18. As a result of the accident, Plaintiff sustained injuries which interfere with her daily activities and enjoyment of life, including difficulty sleeping, difficulty sitting for any extended period of time, and inability to perform strenuous activities.

19. Plaintiff's injury has been painful in the past and continues to cause her pain.

To the extent that any of these Findings of Fact constitute Conclusions of Law, they should be so considered.

### Conclusions of Law

1. The parties are proper.

2. Henry was an employee of Defendant acting within the scope of his employment at the time of the vehicle collision.

3. Henry was negligent in causing the series of vehicle collisions.

4. Plaintiff was not negligent in any way which might have caused or contributed to the collisions.

5. As a result of the collisions, Plaintiff sustained injury to her low back including aggravation of a pre-existing condition.

6. The life expectancy of a 57 year old female (present age) is 23.49 years.

7. Considering the elements of damages as set out in Oklahoma Uniform Jury Instructions ("OUJI"), Plaintiff is entitled to damages of $46,503.22 from Defendant.

To the extent that any of these Conclusions of Law constitute Findings of Fact, they should be so considered.

Plaintiff is ordered to submit an agreed form of judgment reflecting the judgement granted herein and any interest applicable thereon within ten (10) days of the date of this Order.

ORDERED this 31 day of May, 2005.

*/s/ Terence Kern*
TERENCE KERN
United States District Judge